## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CELESTE H. DAVIS,
           Appellant,

      v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,
           Agency.

DOCKET NUMBER
CH-0752-16-0290-I-1

DATE: September 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>James E. Sullivan</u>, Esquire, Chicago, Illinois, for the appellant.

<u>Kathleen Mee</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of an alleged involuntary resignation. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        On February 23, 2016, the appellant submitted a letter to the agency in which she stated that she was actively searching for another job and wished to be assigned to nonspecified duties and placed on administrative leave until she found other employment or became eligible for retirement in approximately 18 months.  Initial Appeal File (IAF), Tab 1 at 43-45.  The agency denied her request the next day. *Id.* at 47.  Coincidentally, the appellant suffered a medical episode that day, which was shortly thereafter diagnosed as a serious medical condition that rendered her unable to work.

¶3        The appellant filed an appeal in which she asserted that she had involuntarily resigned or had been constructively removed.  *Id.* at 2.  The administrative judge issued an acknowledgment order in which she noted that it was not clear from the record assembled thus far whether the appellant had separated from the agency, and she ordered the appellant to submit evidence and argument showing that the Board had jurisdiction over her appeal.  IAF, Tab 2.  After considering the parties' responses, the administrative judge issued an initial decision on the written record.  She found that the appellant had not made a nonfrivolous allegation that she was actually separated from the agency or that

she was subjected to a constructive suspension, and she dismissed the appeal for lack of jurisdiction.  IAF, Tab 10, Initial Decision at 1-2, 5-8.

¶4        In her petition for review, the appellant argues that the egregious facts underlying her claim of intolerable working conditions that led to her February 23, 2016 letter make a compelling case in support of a finding that her resignation was involuntary.  Petition for Review (PFR) File, Tab 1 at 1-3.  That may or may not be the case.  However, before the Board can determine whether the appellant's resignation was involuntary, she is required to prove by preponderant evidence that she resigned.  An action cannot constitute a constructive removal over which the Board may exercise jurisdiction unless the employee was actually separated from her position.  *Donahue v. U.S. Postal Service*, 100 M.S.P.R. 387, ¶ 21 (2005).  The evidence in this appeal unequivocally shows that the appellant is an agency employee on approved leave.  IAF, Tab 6 at 19-22.  The fact that she has now exhausted all her paid leave and is in an unpaid leave status, as she asserts on review, PFR File, Tab 1 at 2, does not change the fact that she remains employed by the agency.  Insofar as the appellant challenges on review the administrative judge's finding that, based on the current record, the Board lacks jurisdiction over this appeal as a constructive suspension, we disagree with her assertion.  *See Rosario-Fabregas v. Merit Systems Protection Board*, No. 2015-3102, 2016 WL 4363176 (Fed. Cir. Aug. 16, 2016); *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2014) (finding that an agency's placement of an employee on enforced leave for more than 14 days constitutes an appealable suspension within the Board's jurisdiction).  We find that, because the appellant has not proven that she has been subjected to an adverse action within the Board's jurisdiction, the administrative judge correctly dismissed her appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                                    _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.